UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60980-CIV-COHN/SELTZER

STEVEN LEE DUBIN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation to District Judge [DE 23] ("Report") submitted by Chief United States Magistrate Judge Barry S. Seltzer regarding the parties' crossing motions for summary judgment [DE 13 & 18]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Report, Plaintiff's Objections [DE 24], and Defendant's Response [DE 25], and is otherwise advised in the premises.

In his Report, Judge Seltzer found that the Administrative Law Judge ("ALJ") applied the correct legal standard and supported her findings with substantial evidence when she determined that Plaintiff Steven Lee Dubin was not disabled. DE 23 at 1–2. Judge Seltzer therefore recommended affirming Defendant Commissioner of Social Security's ("Commissioner") denial of benefits to Dubin. Id. at 2. Dubin objects to Judge Seltzer's Report, raising two main arguments. First, Dubin asserts that the ALJ failed to follow the applicable "treating physician rule." DE 24 at 2–5. Second, Dubin contends that the ALJ failed to properly assess his credibility. Id. at 5. The Court finds Dubin's

objections without merit, and will adopt Judge Seltzer's conclusions as stated in his Report.

Dubin first argues that the ALJ failed to accord appropriate deference to the opinion of Dubin's treating physician. Under the treating physician rule, an ALJ must give substantial weight to the opinion of a claimant's treating physician "unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Dubin asserts that the ALJ's "vague conclusions that [Dubin's treating physician's] notes and testing contradicted" his opinion were insufficient to overcome the deference owed to the physician. DE 24 at 2. As noted by Judge Seltzer, however, the ALJ relied on more than "vague conclusions," and instead identified specific portions of the treating physician's notes regarding Dubin's recovery and symptomatic relief that appeared inconsistent with the physician's ultimate opinion. DE 23 at 15 (citing DE 10 at 30–34). Because inconsistencies between a treating physician's opinion and his notes or records constitute good cause to give less weight to the physician's conclusions, Hernandez v. Comm'r of Soc. Sec., 523 F. App'x 655, 657 (11th Cir. 2013) (per curiam), the ALJ appropriately discounted the opinion of Dubin's treating physician.[1]

Dubin also contends that the ALJ failed to identify any inconsistencies between Dubin's testimony and the record evidence to support her finding that Dubin's testimony was not credible. DE 24 at 5. To the contrary, the ALJ identified conflicts between

---

[1] Dubin further argues that, being skeptical of the findings of his treating physician, the ALJ then drew upon nothing more than her own "lay judgment" in assessing his residual functional capacity ("RFC"). DE 24 at 5. Contrary to Dubin's assertion, however, the ALJ's determination regarding Dubin's RFC is supported by, among other things, the Physical RFC Assessment of agency physician Jorge Weksler. See DE 10 at 29–30, 101–22.

Dubin's testimony that he had been unable to work since 2011 and Dubin's apparent prior admissions that he had returned to work in 2012. DE 10 at 34. The ALJ also found that the notes of Dubin's treating physician, describing a relatively normal medical condition, cast doubt on Dubin's representations of debilitating pain and disability. Id. at 32–34. In short, the ALJ's skepticism regarding Dubin's credibility was supported by substantial evidence.

Considering the record as a whole, the Court agrees with Judge Seltzer's determination that the ALJ applied the correct legal standards and supported her findings with substantial evidence. The Court therefore will adopt the Report of Judge Seltzer affirming the Commissioner's denial of Dubin's applications for benefits and income.

It is accordingly **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections [DE 24] are **OVERRULED**;
2. The Report and Recommendation to District Judge [DE 23] is **ADOPTED**;
3. Plaintiff's Motion for Judgment [DE 13] is **DENIED**;
4. Defendant's Motion for Summary Judgment [DE 18] is **GRANTED**;
5. Defendant's decision is **AFFIRMED**; and
6. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of March, 2014.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF